1  | **LAW OFFICES OF STEVEN R. FOX**
2  | Steven R. Fox, SBN 138808
   | 17835 Ventura Blvd., Suite 306
   | Encino, CA 91316
3  | (818)774-3545; FAX (818)774-3707

4  | Attorneys for Debtor-in-Possession

5

6

7

8  | **UNITED STATES BANKRUPTCY COURT**

9  | **CENTRAL DISTRICT OF CALIFORNIA**

10 | **WOODLAND HILLS DIVISION**

11 | In re                                      ) **CASE NO: SV 09-16236 GM**

12 | Engineered Framing Systems, Inc.,          ) **CHAPTER 11**

13 |                                            ) **DECLARATION OF STEVEN R. FOX**
   |                                            ) **REGARDING NON OPPOSITION TO**
14 |      Debtor.                               ) **DEBTOR'S APPLICATION FOR**
   |                                            ) **AUTHORITY TO EMPLOY CERTIFIED**
15 |                                            ) **PUBLIC ACCOUNTANT, GENERAL**
   |                                            ) **BANKRUPTCY COUNSEL AND C.F.O.**
16 |                                            ) **FOR DEBTOR-IN-POSSESSION**

17 |                                            ) Date  : No Hearing Required
   |                                            ) Time  :
18 | _____       ) Place :

19

20 | I, Steven R. Fox, declare as follows:

21 | 1.    I am an attorney admitted by the State of California to practice law.  I am

22 | admitted to practice before the Courts of the State of California and the

23 | Central District  of California.  My address for the practice of law is 17835

24 | Ventura Blvd, Suite 306, Encino, CA 91316.  My statements here are based

25 | on my personal knowledge and if called to testify, I could and would testify

26 | competently concerning the contents of my declaration.

27 | 2.    On May 27, 2009, the Debtor served its APPLICATION FOR AUTHORITY

28 | TO EMPLOY  CERTIFIED  PUBLIC  ACCOUNTANT  FOR  DEBTOR-IN-

- 1 -

1    POSSESSION.  The Debtor's NOTICE was served on May 27, 2009, on all

2    creditors.  Copies of the Application and Notice are attached hereto, marked

3    **Exhibits "A" and "B,"** and incorporated herein by reference as though set

4    forth in full herein.

5    3.    On May 27, 2009, the Debtor served its APPLICATION FOR AUTHORITY

6    TO EMPLOY COUNSEL FOR DEBTOR-IN-POSSESSION.  The Debtor's

7    NOTICE was served on May 27, 2009, on all creditors.  Copies of the

8    Application and Notice are attached hereto, marked **Exhibits "C" and "B,"**

9    and incorporated herein by reference as though set forth in full herein.

10   4.    On May 27, 2009, the Debtor served its APPLICATION FOR AUTHORITY

11   TO EMPLOY PATRICK RETTIG CORPORATION AS CHIEF FINANCIAL

12   OFFICER FOR DEBTOR-IN-POSSESSION.  The Debtor's NOTICE was

13   served on May 27, 2009, on all creditors.  Copies of the Application and

14   Notice are attached hereto, marked **Exhibits "D" and "B,"** and incorporated

15   herein by reference as though set forth in full herein.

16   5.    On June 15, 2009, I checked the docket in this case via PACER.  I

17   determined that as of today, no opposition to any of the three above

18   employment application have been filed.  I have not been served with any

19   oppositions.

20        The foregoing facts are within my personal knowledge and if called upon, I am

21   competent to testify thereto.

22        Executed on June 16, 2009, at Encino, California.

23        I declare under the penalty of perjury that the foregoing is true and correct.

24

25

26                                                  Steven R. Fox

27

28

| NOTE: When using this form to | In re: Engineering Framing Systems, | CHAPTER:11<br>CASE NUMBER: SV 09-16236 GM |
|---|---|---|

indicate service of a proposed order, DO NOT list any person or entity in Category I.

Proposed orders do not generate an NEF because only orders that have been entered are placed on a CM/ECF docket.

## PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is: 17835 Ventura Boulevard, Suite 306 Encino, California 91316

A true and correct copy of the foregoing document described as DECLARATION OF STEVEN R. FOX REGARDING NON OPPOSITION TO DEBTOR'S APPLICATION FOR AUTHORITY TO EMPLOY CERTIFIED PUBLIC ACCOUNTANT, GENERAL BANKRUPTCY COUNSEL AND C.F.O. FOR DEBTOR-IN-POSSESSION will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d), and **(b)** in the manner indicated below:

**I. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")** - Pursuant to controlling General Order(s) and Local Bankruptcy Rule(s) ("LBR"), the foregoing document will be served by the court via NEF and hyperlink to the document. On June 15, 2009, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following person(s) are on the Electronic Mail Notice List to receive NEF transmission at the email addressed indicated below:

Jennifer L Braun    jennifer.l.braun@usdoj.gov

Christian L Raisner    bankruptcycourtnotices@unioncounsel.net, craisner@unioncounsel.net

United States Trustee (SV)    ustpregion16.wh.ecf@usdoj.gov

_Service information continued on attached page

**II. SERVED BY U.S. MAIL OR OVERNIGHT MAIL** (indicate method for each person or entity served): On June 15, 2009, I served the following person(s) and/or entity(ies) at the last known address(es) in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States Mail, first class, postage prepaid, and/or with an overnight mail service addressed as follow. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

**Chambers of the Honorable Geraldine Mund, U.S. Bankruptcy Judge**

_ Service information continued on attached page

**III. SERVED BY PERSONAL DELIVERY, FACSIMILE TRANSMISSION OR EMAIL** (indicate method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on _____ I served the following person(s) and/or entity(ies) by personal delivery, or (for those who consented in writing to such service method) by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

_ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

| 6/10/09 | DEANNE FUQUA | |
|---|---|---|
| Date | Type Name | Signature |

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California

January 2009                                                                 F 9013-3.1

# EXHIBIT "A"

4

## File a Motion:

**1:09-bk-16236-KT Engineered Framing Systems, Inc.**

| | | |
|---|---|---|
| Type: bk | Chapter: 11 v | Office: 1 (San Fernando Valley) |
| Assets: y | Judge: KT | Case Flag: PlnDue, DsclsDue |

### U.S. Bankruptcy Court

### Central District Of California

Notice of Electronic Filing

The following transaction was received from Steven R Fox entered on 5/27/2009 at 1:21 PM PDT and
filed on 5/27/2009

**Case Name:**         Engineered Framing Systems, Inc.
**Case Number:**       1:09-bk-16236-KT
**Document Number:** 10

**Docket Text:**
Application to Employ Richard Say as Certified Public Accountant *for Debtor-in-Possession* Filed by
Debtor Engineered Framing Systems, Inc. (Fox, Steven)

The following document(s) are associated with this transaction:

**Document description:**Main Document
**Original filename:**F:\Scan\Nancy\app to employ CPA FILED.PDF
**Electronic document Stamp:**
[STAMP bkecfStamp_ID=1106918562 [Date=5/27/2009] [FileNumber=25812842-
0] [19eb192b46c53606e6fdb81ab8fe0cae60d22793a778e9f04e188c6b270cbe63cc
3eed7cf5f1770c68dd9a6ab23147d3ab9a4a0ff512193b4527469b6925758f]]

**1:09-bk-16236-KT Notice will be electronically mailed to:**

Jennifer L Braun on behalf of U.S. Trustee United States Trustee (SV)
jennifer.l.braun@usdoj.gov

Steven R Fox on behalf of Debtor Engineered Framing Systems, Inc.
emails@foxlaw.com

United States Trustee (SV)
ustpregion16.wh.ecf@usdoj.gov

**1:09-bk-16236-KT Notice will not be electronically mailed to:**

ORIGINAL
#10 new 5/27

1   LAW OFFICES OF STEVEN R. FOX
    Steven R. Fox, CBN 138808
2   17835 Ventura Boulevard, Suite 306
    Encino, California 91316
3   (818) 774-3545   Fax (818) 774-3707

4

5   Attorneys for Debtor-in-Possession

6

7

8              UNITED STATES BANKRUPTCY COURT

9      CENTRAL DISTRICT OF CALIFORNIA - WOODLAND HILLS DIVISION

10

11  In re                          )   CASE NO. SV 09- 16236 KT
                                   )
12                                 )   CHAPTER 11
                                   )
13  Engineered Framing Systems, Inc., )   APPLICATION FOR AUTHORITY TO
                                   )   EMPLOY CERTIFIED PUBLIC
14                                 )   ACCOUNTANT FOR DEBTOR-IN-
                                   )   POSSESSION; DECLARATION OF
15                                 )   RICHARD SAY; CPA
                                   )
16              Debtor.            )   Date:
                                   )   Time:   NO HEARING REQUIRED
17                                 )   Place:
                                   )
18                                 )   Notice of Application to Employ
                                   )   Professional filed and served
19                                 )   concurrently
                                   )
20  _____    )   Petition filed May 26, 2009

21      TO THE HONORABLE BANKRUPTCY JUDGE.

22         The Application of Engineered Framing Systems, Inc., Debtor-in-

23  Possession ("Applicant" or "EFS" herein), respectfully represents:

24  1.      These proceedings were commenced on May 26, 2009, by the filing of a

25  voluntary petition for relief pursuant to Chapter 11 of the United States Bankruptcy

26  Code, and since said date, Debtor has been, and now is, a Debtor-in-Possession.

27  No trustee or examiner has been appointed in this case.  The following

28  representations are submitted in conformity with the "Guide to Applications for

1  Employment of Professionals and Treatment of Retainers" ("Employment Guide")

2  (Revised December, 2002) of the Office of the United States Trustee ("UST").

3      **The Name and Occupation of the Professional or Firm to Be Employed.**

4  2.      Lucove, Say & Co. ("CPA" or "firm")

5      **Facts Demonstrating the Necessity for the Employment and Specific
   Services to Be Rendered.**

6

7  3.      <u>Background</u>. EFS does commercial and industrial panelized roof structures

8  ("PRS") and rough carpentry.  PRS is the superstructure of the roof system of the

9  building.  Along with PRS work, EFS has does what is called rough carpentry or

10 wooden framing for walls or wooden stairways (both public stairways and in

11 stairwells).  EFS also does seismic retrofit work on commercial and industrial

12 buildings.  EFS constructs the superstructure of the roof to tie buildings together.

13 There are relatively few companies providing PRS construction given the difficult

14 engineering issues involved.  One advantage EFS holds is that one of its

15 shareholders is a licensed engineer.  This allows EFS to hold its engineering costs

16 down.

17 4.      Prepetition, EFS was hit by two embezzlements.  The more serious one

18 resulted in EFS not paying payroll taxes for several quarters.  This amounted to

19 hundreds of thousands of dollars.  The payroll service was stealing the payroll tax

20 monies.  The loss of the money and the efforts to make up for the stolen money

21 cost EFS dearly.  The Debtor has paid down or paid off the EDD and has paid a lot

22 of money to the IRS.  The embezzlements have made it tough for EFS to remain

23 current in contractual payments to the Carpenters Trust Fund.  The slowing

24 economy, the change in the nature of jobs, EFS' decision to retain a cohesive body

25 of workers, a decision to take jobs in order to keep the workers working (even

26 though the jobs cost EFS dearly) all have hit EFS hard.

27 5.      <u>Rebuilding EFS</u>.  EFS is bidding on rough carpentry work.  EFS has begun

28 working on church and fire station roofs.  EFS is also focusing its bids on the

1  engineering value EFS offers to contractors and developers.  This saves them a lot

2  of money.  EFS also is picking up roof structure reinforcement work.  As companies

3  go green, e.g., install solar panels, the companies need a roof contractor to

4  provide the engineering and construction work to strengthen the roofs.

5  6.    To reorganize, the Debtor will require an accountant.  Its services include

6  the following:

7        a.    To review Applicant's financial status and to determine those

8        accounting and financial changes which are appropriate and necessary;

9        b.    To assist Applicant in determining whether post-petition D.I.P.

10       financing is appropriate and if so to assist Applicant to obtain said

11       financing;

12       c.    To review Applicants's financial records and assist counsel in

13       determining what avoidance actions, if any, should be brought  against

14       insiders and others for the benefit of the estate;

15       d.    To handle audits and to take steps necessary to reduce the  estate's

16       liabilities;

17       e.    To prepare the Applicant's tax returns as the come due, and to

18       respond to any additional audit(s); and

19       f.    To render other accountancy services for Applicant for which the

20       services of an accountant may be necessary during the pendency of this

21       case.

22    **The Reason for the Selection of the Particular Professional to Be
      Employed, Including Facts to Substantiate That the Proposed Professional**

23    **Has Attained a Sufficient Experience Level to Render the Proposed
      Services. The Professional's Personnel and Firm Resume.**

24

25  7.    The Debtor selected the firm to provide general accountancy services for it

26  in this case.

27       a.    The firm is experienced in accountancy matters;

28       b.    The firm has read Debtor's financial status and documents and

- 3 -

8

1    prepetition has provided accounting services to the Debtor; and

2    c.    The firm is well qualified to provide those services set forth

3    below.

4    8.    The Debtor believes employment of the firm as its accountants is in the

5    estate's best interest.  Attached hereto, marked "A," is the firm's resume and fee

6    schedule.  The rates may change from time to time, and Applicant will be charged

7    in accordance with the rates in effect at the time the work is performed, as

8    reflected by the rates on file with the Office of the United States Trustee.

9    A Declaration under Penalty of Perjury Setting Forth, to the Best of the
      Professional's Knowledge, All of the Professional's Connections with

10   the Debtor, Creditors, or Any Other Party in Interest, Their Respective
      Attorneys and Accountants, the United States Trustee and Any Person

11   Employed by the Office of the United States Trustee, and Whether the
      Professional Holds Any Interest Adverse to the Estate of the Debtor.

12   The Declaration must Contain Facts, Not Merely Legal Conclusions.

13   9.    The required declaration is attached.

14   10.   To the best of the Debtor's knowledge, including consideration of the

15   attached declaration, the Debtor believes and alleges that CPA and the firm are

16   disinterested persons as that term is defined in 11 U.S.C. § 101(14), and holds no

17   interest adverse to the Debtor, creditors, or the estate.  The Debtor understands

18   that a disinterested person is a person or entity who is not a creditor of the Debtor,

19   not an equity security holder of the Debtor, or not an insider of the Debtor, or a

20   person or entity who is not and was not, within 2 years before the date of the filing

21   of the petition, a director, officer, or employee of the Debtor.  The Debtor also

22   understands that a disinterested person is a person or entity who does not have an

23   interest materially adverse to the interest of the bankruptcy estate or of any class of

24   creditors or equity security holders, by reason of any direct or indirect relationship

25   to, connection with, or interest in, the Debtor, or for any other reason.

26   11.   To the best of Applicant's knowledge, the firm, and its members, have no

27   connection with the creditors or any other party-in-interest or their respective

28   attorneys and accountants or the United States Trustee for the Central District of

1  California (or any relative of a designee for, or assistant to, the United States

2  Trustee) or any Judge of this Court.

3      **Terms and Conditions of the Employment Agreement, Including the
   Hourly Rates Charged by Each Professional (Including Partners,**

4  **Associates, and Paraprofessional Persons Employed by the Professional)
   Expected to Render Services to or for the Benefit of the Estate.**

5

6  12.    Applicant understands that (1) the firm agrees to apply for compensation,

7  after notice and a hearing, as required by the Bankruptcy Code, (2) the firm will

8  accept as compensation such sums as the Court deems reasonable, based

9  primarily upon the firm's customary fees charged to clients and the standards for

10  approval of applications for compensation in the Ninth Circuit and (3) the firm

11  reserves the right to request a fee enhancement based upon the results of its

12  services under appropriate Ninth Circuit standards.

13  13.    Prepetition, the Debtor paid a $5,000 retainer to the firm.  The firm's

14  hourly rate depends on the professional providing accountancy services.  Ric Say

15  C.P.A. will provide most of the accountancy services.  His hourly rate is $250.00.

16  Rates may thereafter be adjusted on thirty (30) days notice filed with the Court and

17  served to the Debtor. Applicant has agreed to retain the said firm based on time

18  rates listed in the fee schedule at **Exhibit "A."**  These fees are based on each staff

19  member's respective years of experience, specialization in training and practice

20  and level of professional achievement.

21      **If a Professional Is an Attorney, the Application must State the Amount
   and Source of Any Fees, Retainers, or Other Compensation (Including**

22  **Any Contingency Fee Agreements) Paid or Agreed to Be Paid, Including
   Any Fees, Retainers or Other Compensation Paid or agreed to Be Paid**

23  **Within One Year of the Filing of the Petition, for Services Rendered or to
   Be Rendered in Contemplation of or in Connection with the Case,**

24  **Whether the Fees, Retainers or Other Compensation Has Already Been
   Paid, Whether the Retainer Is an Advance Against Fees for Services to Be**

25  **Rendered or Earned Upon Receipt, Whether All or Any Portion of the
   Retainer Is Refundable, the Services, If Any, the Client Is Entitled to**

26  **Receive in Exchange for the Retainer, the Facts Justifying the Amount for
   the Retainer, the Facts Justifying the Amount of the Retainer, and a**

27  **Declaration under Penalty of Perjury Demonstrating the Need for a
   Retainer, Including Any Unusual Circumstances That Would Justify a Post**

28  **Petition Retainer.**

10

14.     Not applicable.  The retainer is refundable to the extent CPA's charges are less than the amount of the retainer.  Of the $5,000 retainer, $0.00 was billed against prepetition and removed prepetition from the firm's trust account.  As of the filing date, $5,000.00 remained on hand in the firm's trust account.  The Debtor and the firm agree that $0.00 of the retainer was earned for services preformed prepetition.

15.     The balance of the retainer is an advance against fees retainer.  It is refundable pursuant to the retainer agreement to the extent that counsel does not perform services which are to be paid for from the retainer.  A true and correct copy of the Engagement Agreement is attached here marked **Exhibit "B."**

16.     The firm has been made aware of the Guidelines issued by the Office of the United States Trustee and will follow the Guidelines issued by the Office of the United States Trustee concerning payment of fees and fee statements.

> **If More than One of a Particular Type of Professional Is Being Retained, Each Application must Set Forth the Need for Dual Professionals, the Services to Be Performed by Each, a Statement That There Will Be No Duplication of Services and an Explanation of How Duplication Will Be Avoided.**

17.     Not applicable.

**WHEREFORE**, Applicant prays for the annexed order for which no previous Application has been made.

Dated: May 26, 2009

Respectfully submitted,

John Durst, President, Engineered
Framing Systems, Inc., Debtor-in-
Possession

## DECLARATION OF RICHARD SAY, CPA

I, Richard Say, declare as follows:

1.      I am a certified public accountant. I provide accounting and tax services for business and individuals. I am a partner in Lucove, Say & Co. My business address is 23901 Calabasas Road, Suite 2085, Calabasas, CA 91302. My statements here are based on my personal knowledge. If called as a witness, I could and would testify competently concerning the contents in this declaration.

2.      The firm, its employees and I are disinterested persons within the meaning of Sections 101(14) and 327 of the Bankruptcy Code, and Bankruptcy Rule 5002.

3.      The firm, its partners and its employees are not, and have not been, creditors, stockholders, directors, officers, or employees of Debtor, nor the underwriters of any securities of Debtor, nor attorney for such; that it has not, by reason of any other direct or indirect relationship, any connection with, or interest in the Debtor, or for any other reason, an interest materially adverse to the interests of any creditors or stockholders herein. It has not been and is not now related to any Judge of this Court nor is it a relative of the U.S. Trustee (or any relative of a designee of, or assistant to, the United States Trustee) for the Central District of California.

4.      Neither the firm, its partners, nor its employees have had any connection with the Debtor prior to the filing of the petition herein, the creditors or any other party-in-interest herein, or their respective attorneys or accountants, and represent no interest adverse to the Debtor-in-Possession or the estate in matters upon which it is to be employed.

5.      Neither the firm, nor its partners and employees hold nor assert any prepetition claims against the estate, nor are any of them creditors, equity security holders or insiders of the Debtor.

6.      Neither the firm, nor its partners or employees represents or intends to represent any related debtor in a bankruptcy case in this or any other court.

12

7.     Neither the firm, nor its partners or employees are, or within three (3) years before the date of the filing of the petition herein were, an investment banker for the securities of the Debtor, or an attorney for such an investment banker in connection with the offer, sale, or issuance of any security of the Debtor.

8.     Neither the firm, nor its partners or employees are, nor have been, within two (2) years before the date of the filing of the petition herein, a director, officer, or employee of the Debtor or any investment banker for any security of the Debtor.

9.     I understand that notwithstanding the terms and conditions of employment set forth herein, the Court may allow compensation different from that provided for herein if such terms and conditions prove improvident in light of developments unanticipated at the time of the filing of this Application.

10.     Prepetition, the Debtor paid the firm a $5,000.00 retainer.  Of this amount, $0.00 was earned prepetition.  I will seek approval of fees and costs from the Court. I agreed to be retained based on time at the rates set forth in attached Exhibit "A."  I understand that the Court does not permit professionals to recover clerical charges which show on our standard rate sheet (Exhibit "A") at $35.00 per hour.  We will not be billing for clerical time in this case.  The retainer is an advance against fees for services to be rendered.  These fees are based on the firm's members and employees' years of experience, specialization in training and practice and level of professional achievement.  No monies will be paid without prior Court approval except via the U.S. Trustee's guidelines.

The foregoing facts are within my personal knowledge and if called upon, I am competent to testify thereto.  I declare under the laws of the United States of America that the foregoing is true and correct.

Executed on May 26, 2009, at Calabasas, California.

Richard Say, CPA

13

| In re: Engineered Systems, Inc.              | CHAPTER:  11 |
|                                    Debtor(s) | CASE NUMBER:    09-16236 KT |

NOTE: When using this form to indicate service of a proposed order, DO NOT list any person or entity in Category I.
Proposed orders do not generate an NEF because only orders that have been entered are placed on a CM/ECF docket.

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is: 17835 Ventura Boulevard, Suite 306 Encino, California 91316

A true and correct copy of the foregoing document described as **APPLICATION FOR AUTHORITY TO EMPLOY CERTIFIED PUBLIC ACCOUNTANT FOR DEBTOR-IN-POSSESSION** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d), and **(b)** in the manner indicated below:

**I. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")** - Pursuant to controlling General Order(s) and Local Bankruptcy Rule(s) ("LBR"), the foregoing document will be served by the court via NEF and hyperlink to the document. On _____ I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following person(s) are on the Electronic Mail Notice List to receive NEF transmission at the email addressed indicated below:

__Service information continued on attached page

**II. SERVED BY U.S. MAIL OR OVERNIGHT MAIL** (indicate method for each person or entity served): On **5/27/09** I served the following person(s) and/or entity(ies) at the last known address(es) in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States Mail, first class, postage prepaid, and/or with an overnight mail service addressed as follow. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed. **BY OVERNIGHT MAIL**

**X Service information continued on attached page**

**III. SERVED BY PERSONAL DELIVERY, FACSIMILE TRANSMISSION OR EMAIL** (indicate method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on _____ I served the following person(s) and/or entity(ies) by personal delivery, or (for those who consented in writing to such service method) by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

____ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

| 5/27/09 | Nancy C. Hogan | *Nancy C Hogan* |
| Date    | Type Name      | Signature       |

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California

14

**20 LARGEST
UNSECURED
CREDITORS**

A-Line Inc. Crane Services
18032 C Lemon Drive
Suite 212
Yorba Linda, CA 92886

Arrow Steel
10945 Memory Park Ave
Mission Hills, CA 91345

AT&T Mobility
P O Box 6463
Carol Stream, IL
60197-6463

Carpenters Trusts for
Southern CA
533 S Fremont Avenue
Los Angeles, CA
90071-1706

Ford Graphics
681 S. Raymond Avenue
Pasadena, CA 91105

Load Center Inc.
1510 White Avenue
La Verne, CA 91750

NBS
22615 La Vina
Mission Viejo, CA 92691

Orco Construction
Supply-Sun Valley
477 North Canyons Prkwy
Suite A
Livermore, CA 94550

Precision Component Systems
6930 E First St.
Scottsdale, AZ 85251

Quincy Joist Company
520 S Virginia St.
Quincy, FL 32351

Reliable Wholesale Lumber
P O Box 191
Huntington Beach, CA 92648

Roberson Drafting
850 Alsace Loraine
Half Moon Bay, CA 94019

Sky Lift Rentals
P O Box 41527
Los Angeles, CA 90041

Tobin Steel Co, Inc.
P O Box 717
Santa Ana, CA 92702

Tomarco
14848 Northam Street
La Mirada, CA 90638

Weyrick Companies
P O Box 688
Templeton, CA 93465

White Cap
P O Box 1770
Costa Mesa, CA 92628-9901

GC Fence & Welding
16127 Francisquito Ave
La Puente, CA 91744

Glu Lam Industries
3909 S 8000 West
Magna, UT 84044

McIntyre Co.
872 Towne Center Drive
Pomona, CA 91767-5902

**OTHER:**

Employment Development
Department
Group MIC 92E
P.O. Box 826880
Sacramento, CA 94280-0001

Internal Revenue Service
ACS Support-Stop 813G
PO Box 145566
Cincinnati, OH 45250-5566

Internal Revenue Service
Box 21126
Philadelphia, PA 19114

IRS - LA & SFV
Ch 7,11,13 Noticing
Insolvency Stop 5022
300 N Los Angeles St,
Room 4062
Los Angeles, CA 90012-9903

Office of the U. S. Trustee
21051 Warner Center Lane
Suite 115
Woodland Hills, CA 91367

15

**EXHIBIT "B"**

## File a Notice:

1:09-bk-16236-KT Engineered Framing Systems, Inc.

Type: bk                    Chapter: 11 v                Office: 1 (San Fernando Valley)
Assets: y                   Judge: KT                    Case Flag: PlnDue, DsclsDue


### U.S. Bankruptcy Court

### Central District Of California

Notice of Electronic Filing

The following transaction was received from Steven R Fox entered on 5/27/2009 at 1:38 PM PDT and filed on 5/27/2009

**Case Name:**        Engineered Framing Systems, Inc.
**Case Number:**      1:09-bk-16236-KT
**Document Number:** 12

**Docket Text:**
Notice of motion/application Filed by Debtor Engineered Framing Systems, Inc. (RE: related document(s)[9] Application to Employ Steven R. Fox as Counsel for Debtor-in-Possession Filed by Debtor Engineered Framing Systems, Inc., [10] Application to Employ Richard Say as Certified Public Accountant *for Debtor-in-Possession* Filed by Debtor Engineered Framing Systems, Inc., [11] Application to Employ Patrick Rettig Corporation as Chief Financial Officer for Debtor-in-Possession Filed by Debtor Engineered Framing Systems, Inc.). (Fox, Steven)

The following document(s) are associated with this transaction:

**Document description:**Main Document
**Original filename:**F:\Scan\Nancy\Ntc of app 4 employ counsel acct cfo FILED.PDF
**Electronic document Stamp:**
[STAMP bkecfStamp_ID=1106918562 [Date=5/27/2009] [FileNumber=25813460-0] [04c31abd49ec24f99a269a76c8d7452a7c2a5db92ea4ee427d318b37011fe93ade078e0e1d43ec3a72b5f01c3baf7dc43ac176ba9589ea2321222aea4ef6be20]]

**1:09-bk-16236-KT Notice will be electronically mailed to:**

Jennifer L Braun on behalf of U.S. Trustee United States Trustee (SV)
jennifer.l.braun@usdoj.gov

Steven R Fox on behalf of Debtor Engineered Framing Systems, Inc.
emails@foxlaw.com

United States Trustee (SV)
ustpregion16.wh.ecf@usdoj.gov

**1:09-bk-16236-KT Notice will not be electronically mailed to:**

17

ORIGINAL
# 12  7cH 5/27

1 | LAW OFFICES OF STEVEN R. FOX
Steven R. Fox, SBN 138808
2 | 17835 Ventura Blvd., Suite 306
Encino, CA 91316
3 | (818)774-3545; FAX (818)774-3707

4 | Attorneys for Debtor-in-Possession

5

6 | UNITED STATES BANKRUPTCY COURT
CENTRAL DISTRICT OF CALIFORNIA
7 | RIVERSIDE DIVISION

8 | In re                                    ) Case No: SV 09-16236 KT
                                            )
9 | Engineered Framing Systems, Inc.,        ) Chapter 11
                                            )
10 |                                         ) NOTICE OF FILING APPLICATION FOR
                                            ) AUTHORITY TO EMPLOY COUNSEL,
11 |                                         ) ACCOUNTANT AND C.F.O. FOR
      Debtor.                               ) DEBTOR
12 |                                         ) :      no hearing required
                                            )
13 |                                         ) Petition filed May 26, 2009
                                            )

14 |    Please take notice that the Debtor has filed applications to employ the Law
Offices of Steven R. Fox ("LOSRF") as its general bankruptcy counsel in this case,
15 | Lucove & Say as its accountant and the Patrick Rettig Corporation as its C.F.O.

16 | **Bankruptcy Counsel**

17 |    The Debtor believes LOSRF is qualified to represent it and that it is necessary
to employ LOSRF in this case.  The professional has no conflicts of interests or
18 | interests adverse to the estate and LOSRF is a disinterested person. Prepetition, the
Debtor paid $48,961.00 to LOSRF as a retainer.  LOSRF billed $10,962.50
19 | prepetition leaving $37,999.00 on hand when the case commenced. LOSRF's hourly
billing rates are $375/attorney and $125/paralegal or law clerk. The balance of the
20 | retainer is an advance against fees retainer. It is refundable pursuant to the retainer
agreement to the extent that counsel does not perform services which are to be paid
21 | for from the retainer.   The Application is made under 11 U.S.C. §327.

22 | **Certified Public Accountant**

23 |    The Debtor has selected Lucove, Say & Co. ("CPA" or "firm") as its accountant
for the chapter 11 case.  Its services include, but are not limited to reviewing the
24 | Debtor's financial status, handling tax matters and audits, etc. The Debtor selected
the firm to provide general accountancy services for it in this case as the firm is
25 | experienced in accountancy matters.  To the best of the Debtor's and the firm's
knowledge, there are no connections between the firm and the Debtor, creditors, any
26 | other party interest, the U.S. Trustee and its employees, the firm is a disinterested
person, and the firm does not hold an adverse interest to the bankruptcy estate.

27

28 |    The terms and conditions of employment, including hourly charges, are set
forth in the Application.  Prepetition, the Debtor paid a $5,000 retainer to the firm.

- 1 -                                                          18

1  The retainer is refundable to the extent CPA's charges are less than the amount of the
2  retainer. Of the $5,000 retainer, $0.00 was billed against prepetition and removed
   prepetition from the firm's trust account. As of the filing date, $5,000.00 remained
   on hand in the firm's trust account. The balance of the retainer is an advance against
3  fees retainer. It is refundable pursuant to the retainer agreement to the extent that
   counsel does not perform services which are to be paid for from the retainer. The
4  application is made under 11 U.S.C. §327. The hourly rate for the CPAs are $200
   and $250 hourly with bookkeepers at $90.00. There are no provisions for
5  replenishment of the retainer.

6  Chief Financial Officer

7        The Debtor seeks to employ the Pat Rettig Corporation as its Chief Financial
   Officer. Employment of a CFO is necessary to assist the Debtor with its business
8  operations and in the chapter 11 case. The CFO is working with creditors and the
   Debtor to maintain business operations and also to take the Debtor through its plan
9  to quickly become a significantly smaller company.

10       The Debtor requires the services of a C.F.O. to assist in running the company
   and also working with counsel in the chapter 11 case. Rettig has experience working
11 with troubled companies and has done so over the past 15 years. Rettig's services
   will include overseeing (with the Debtor's principals) the business and its cash flow,
12 working on directions the company should take during the chapter 11 case, working
   with customers as needed, assisting the company through the chapter 11, working
13 with counsel to handle those duties that debtors normally have in chapter 11 cases.

14       To the best of the Debtor's knowledge, Rettig and its principal are disinterested
   persons and hold no interest adverse to the Debtor, creditors, or the estate. To the
15 best of Applicant's knowledge, Rettig and its principal have no connection with the
   creditors or any other party-in-interest or their respective attorneys and accountants
16 or the United States Trustee for the Central District of California (or any relative of a
   designee for, or assistant to, the United States Trustee) or any Judge of this Court.
17

        Compensation.  Debtor has agreed to compensate Rettig at the rate of
18 $10,000.00 monthly and paid in equal portions on the 1st and 15th of each month.
   Prepetition, Rettig was retained and paid on May 1st and May 15th, 2009, and paid
19 a total of $10,000. Rettig has not been paid a retainer nor has Rettig been provided
   any compensation other than that disclosed here.
20

        You are not required to take any action. Should you wish to oppose the
21 Application, the Local Bankruptcy Rules set forth the procedure for you to follow. Your
   response and request for hearing must be in the form required by Local Bankruptcy
22 Rule 9013-1(a)(7), must be filed an served on the Debtor, on counsel for the Debtor
   and the U.S. Trustee not later then 15  days from the date of service of this Notice.
23 If no opposition is received, LOSRF will promptly submit orders for the Court's
   signature (LBR 0-13-1(o)(3). Should you desire a copy of either Application, you may
24 request a copy in writing only from LOSRF at the address above, via email to
   emails@foxlaw.com or obtain them from the Bankruptcy Court. Telephonic requests
25 for copies of the Applications will not be honored.

26 Dated:  May 26, 2009                         Respectfully submitted,

27                                              By
28                                              Steven R. Fox, proposed counsel for
                                                Debtor-in- Possession

                          - 2 -                              19

| In re: Engineered Systems, Inc. | CHAPTER:  11 |
| --- | --- |
| Debtor(s) | CASE NUMBER:   09-16236 KT |

NOTE: When using this form to indicate service of a proposed order, DO NOT list any person or entity in Category I.
Proposed orders do not generate an NEF because only orders that have been entered are placed on a CM/ECF docket.

## PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is: 17835 Ventura Boulevard, Suite 306 Encino, California 91316

A true and correct copy of the foregoing document described as **NOTICE OF FILING APPLICATION FOR AUTHORITY TO EMPLOY COUNSEL, ACCOUNTANT AND C.F.O. FOR DEBTOR** will be served or was served (**a**) on the judge in chambers in the form and manner required by LBR 5005-2(d), and (**b**) in the manner indicated below:

**I. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")** - Pursuant to controlling General Order(s) and Local Bankruptcy Rule(s) ("LBR"), the foregoing document will be served by the court via NEF and hyperlink to the document. On _____ I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following person(s) are on the Electronic Mail Notice List to receive NEF transmission at the email addressed indicated below:

__Service information continued on attached page

**II. SERVED BY U.S. MAIL OR OVERNIGHT MAIL** (indicate method for each person or entity served): On **5/27/09** I served the following person(s) and/or entity(ies) at the last known address(es) in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States Mail, first class, postage prepaid, and/or with an overnight mail service addressed as follow. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed. **BY OVERNIGHT MAIL**

**X Service information continued on attached page**

**III. SERVED BY PERSONAL DELIVERY, FACSIMILE TRANSMISSION OR EMAIL** (indicate method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on _____ I served the following person(s) and/or entity(ies) by personal delivery, or (for those who consented in writing to such service method) by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

____ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

| 5/27/09 | Nancy C. Hogan | *Nancy C Hogan* |
| --- | --- | --- |
| Date | Type Name | Signature |

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California

January 2009

F 9013-3.1



Office of the U. S. Trustee
21051 Warner Center Lane
Suite 115
Woodland Hills, CA 91367

## ALL CREDITORS

A-Line Inc. Crane Services
18032 C Lemon Drive
Suite 212
Yorba Linda, CA 92886

Airgas - West Inc
P O Box 6030
Lakewood, CA 90714-6030

American Express
P O Box 0001
Los Angeles, CA
90096-0001

American General Life Ins P
O Box 4373
Houston, TX 77210-4373

Applebaum Technical
Services
319 River Bend Road
Roseburg, OR 97470

Arrow Steel
10945 Memory Park Ave
Mission Hills, CA 91345

Arrow Tools, Fasteners &
Saw Inc
7635 Burnet Avenue
Van Nuys, CA 91405-1005

AT&T Mobility
P O Box 6463
Carol Stream, IL
60197-6463

AT&T Payment Center
Sacramento, CA 95887-0001

BICA
P O Box 60502
Los Angeles, CA 90060-0502

Carpenters 46 Northern CA
Counties
446 Hegenberger Road
Oakland, CA 94621

Carpenters Trusts for
Southern CA
533 S Fremont Avenue
Los Angeles, CA 90071-1706

Construction Notice Services,
Inc.
9520 Padgett St.  Suite 208
San Diego, CA 92126-4447

Davis Blue Print Co., Inc.
3205 N Main St.
Los Angeles, CA 90031

Employment Development
Department
Group MIC 92E
P.O. Box 826880
Sacramento, CA 94280-0001

Ford Graphics
681 S. Raymond Avenue
Pasadena, CA 91105

GC Fence & Welding
16127 Francisquito Ave
La Puente, CA 91744

Genworth Life & Ins Co
P O Box 79314
Baltimore, MD 21279-0314

Glu Lam Industries
3909 S 8000 West
Magna, UT 84044

Hilti, Inc.
P O Box 382002
Pittsburgh, PA 15250-8002

Internal Revenue Service
ACS Support-Stop 813G
PO Box 145566
Cincinnati, OH 45250-5566

Internal Revenue Service
Box 21126
Philadelphia, PA 19114

IRS - LA & SFV
Ch 7,11,13 Noticing
Insolvency Stop 5022
300 N Los Angeles St, Room
4062
Los Angeles, CA 90012-9903

J & D Tool Repair, Inc.
14050 Orange Ave  Unit B
Paramount, CA 90723

J & S Metals
P O Box 8767
Rowland Heights, CA
91748-0767

Jocal Trust
24711 Golden Oak Lane
Newhall, CA 91321

Lang Construction
80590 Camino San Gregorio
Indio, CA 92203-7434

Load Center Inc.
1510 White Avenue
La Verne, CA 91750

21

Maid For You
P O Box 220040
Newhall, CA 91322

Timothy P. McCarthy
17823 Rinaldi Street
Granada Hills, CA 91344

McIntyre Co.
872 Towne Center Drive
Pomona, CA 91767-5902

Mobile Mini LLC CA
P O Box 79149
Phoenix, AZ 85062-9149

Agustin Munoz P
552 S Beechwood Ave
Rialto, CA 92376

NBS
22615 La Vina
Mission Viejo, CA 92691

Orco Construction
Supply-Sun Valley
477 North Canyons Prkwy
Suite A
Livermore, CA 94550

Precision Component
Systems
6930 E First St.
Scottsdale, AZ 85251

Premium Financing
Specialists
P O Box 100384
Pasadena, CA 91189-0384

QBI
21021 Ventura Blvd.
2nd Flr
Woodland Hills, CA 91364

Quincy Joist Company
520 S Virginia St.
Quincy, FL 32351

Reliable Wholesale Lumber
P O Box 191
Huntington Beach, CA 92648

Roberson Drafting
850 Alsace Loraine
Half Moon Bay, CA 94019

Safety Compliance Co
P O Box 9760
Moreno Valley, CA
92552-9760

Sky Lift Rentals
P O Box 41527
Los Angeles, CA 90041

Sparkletts
P O Box 660579
Dallas, TX 75266-0579

TG Construction Inc
119 Standard Street
El Segundo, CA 90245

Tim McCarthy
17823 Rinaldi
Granada Hills, CA 91344

Tobin Steel Co, Inc.
P O Box 717
Santa Ana, CA 92702

Tomarco
14848 Northam Street
La Mirada, CA 90638

Tower Construction
9130 Glenoaks Blvd.
Sun Valley, CA 91352

Verizon California
P O Box 9688
Mission Hills, CA 91346-9688

Waste Management
P O Box 78251
Phoenix, AZ 85062-8251

Wells Fargo
P O Box 948750
Sacramento, CA 95834

Weyrick Companies
P O Box 688
Templeton, CA 93465

White Cap
P O Box 1770
Costa Mesa, CA 92628-9901

Winther & Co., Inc.
Niels C. Winther
3325 Cochran St. Suite 106
Simi Valley, CA 93065

XCS
2259 E Via Burton Avenue
Anaheim, CA 92806

Xtreme Roll Off Services
P O Box 8742
Moreno Valley, CA 92552

# EXHIBIT "C"

23

## File a Motion:

1:09-bk-16236-KT Engineered Framing Systems, Inc.

| | | |
|---|---|---|
| Type: bk | Chapter: 11 v | Office: 1 (San Fernando Valley) |
| Assets: y | Judge: KT | Case Flag: PlnDue, DsclsDue |

### U.S. Bankruptcy Court

### Central District Of California

Notice of Electronic Filing

The following transaction was received from Steven R Fox entered on 5/27/2009 at 1:18 PM PDT and filed on 5/27/2009

**Case Name:**       Engineered Framing Systems, Inc.
**Case Number:**     1:09-bk-16236-KT
**Document Number:** 9

**Docket Text:**
Application to Employ Steven R. Fox as Counsel for Debtor-in-Possession Filed by Debtor Engineered Framing Systems, Inc. (Fox, Steven)

The following document(s) are associated with this transaction:

**Document description:** Main Document
**Original filename:** F:\Scan\Nancy\app to employ counsel FILED.PDF
**Electronic document Stamp:**
[STAMP bkecfStamp_ID=1106918562 [Date=5/27/2009] [FileNumber=25812730-0] [a43a60c3f0a832fd187dffe386e3ba869d2f62084875291803fd20b4d3ccc32f3e de62513fedf345eb4ca9689e84930c312947fd96c0f30bffc40780e9b9ac85]]

**1:09-bk-16236-KT Notice will be electronically mailed to:**

Jennifer L Braun on behalf of U.S. Trustee United States Trustee (SV)
jennifer.l.braun@usdoj.gov

Steven R Fox on behalf of Debtor Engineered Framing Systems, Inc.
emails@foxlaw.com

United States Trustee (SV)
ustpregion16.wh.ecf@usdoj.gov

**1:09-bk-16236-KT Notice will not be electronically mailed to:**

24

ORIGINAL
#9 *new* 5/27

1    LAW OFFICES OF STEVEN R. FOX
   Steven R. Fox, SBN 138808
2    17835 Ventura Blvd., Suite 306
   Encino, CA 91316
3    (818)774-3545; FAX (818)774-3707

4    Attorneys for Debtor-in-Possession

5

6

7

8                UNITED STATES BANKRUPTCY COURT

9                 CENTRAL DISTRICT OF CALIFORNIA

10                 WOODLAND HILLS DIVISION

11    In re                   )   CASE NO: SV 09-16236 KT

12    Engineered Framing Systems, Inc.,   )   CHAPTER 11

13                     )   APPLICATION FOR AUTHORITY TO
                    )   EMPLOY COUNSEL FOR DEBTOR-IN-
14                     )   POSSESSION; DECLARATION OF
       Debtor.           )   STEVEN R. FOX
15                     )

16                     )   Date  : No Hearing Required
                    )   Time  :
17                     )   Place :

18                     )   Petition filed May 26, 2009

19                     )   Notice of Application to Employ
                    )   Professional filed and served concurrently

20       The Application by Engineered Framing Systems, Inc.,Debtor-in-Possession

21    ("Applicant" or "Debtor"), respectfully represents:

22    1.       Engineered Framing Systems, Inc., a California corporation ("Debtor" or

23          "Applicant" or "EFS") hereby applies to the Court under 11 U.S.C. section

24          327(a) for authority to employ Steven R. Fox ("Law Offices of Steven R. Fox"

25          or the "firm") as general bankruptcy counsel. The following representations

26          are submitted in conformity with the "Guide to Applications for Employment

27          of Professionals and Treatment of Retainers" ("Employment Guide") (Revised

28          December, 2002) of the Office of the United States Trustee ("UST").

25

1        **The Name and Occupation of the Professional or Firm to Be Employed.**

2    2.   Steven R. Fox of the Law Offices of Steven R. Fox is proposed general

3        bankruptcy counsel to the Debtor. Applicant desires to retain the Law Offices

4        of Steven R. Fox as their counsel in this case. Steven R. Fox is duly admitted

5        to practice before this Court.

6        **Facts Demonstrating the Necessity for the Employment and Specific Services
         to Be Rendered.**

7

8    3.   This case was commenced on May 26, 2009, by filing a voluntary petition for

9        relief under Chapter 11 of the U. S. Bankruptcy Code, and since said date, the

10       Debtor has been, and continues to be, a Debtor-in-Possession.

11   4.   Background.   EFS does commercial and industrial panelized roof structures

12       ("PRS") and rough carpentry. PRS is the superstructure of the roof system of

13       the building.   Along with PRS work, EFS has does what is called rough

14       carpentry or wooden framing for walls or wooden stairways (both public

15       stairways and in stairwells). EFS also does seismic retrofit work on commercial

16       and industrial buildings. EFS constructs the superstructure of the roof to tie

17       buildings together.   There are relatively few companies providing PRS

18       construction given the difficult engineering issues involved.   One advantage

19       EFS holds is that one of its shareholders is a licensed engineer.   This allows

20       EFS to hold its engineering costs down.

21   5.   Prepetition, EFS was hit by two embezzlements. The more serious one resulted

22       in EFS not paying payroll taxes for several quarters.   This amounted to

23       hundreds of thousands of dollars. The payroll service was stealing the payroll

24       tax monies.   The loss of the money and the efforts to make up for the stolen

25       money cost EFS dearly.  The Debtor has paid down or paid off the EDD and

26       has paid a lot of money to the IRS. The embezzlements have made it tough

27       for EFS to remain current in contractual payments to the Carpenters Trust

28       Fund. The slowing economy, the change in the nature of jobs, EFS' decision

to retain a cohesive body of workers, a decision to take jobs in order to keep the workers working (even though the jobs cost EFS dearly) all have hit EFS hard.

6.   <u>Rebuilding EFS</u>.  EFS is bidding on rough carpentry work.  EFS has begun working on church and fire station roofs.  EFS is also focusing its bids on the engineering value EFS offers to contractors and developers.  This saves them a lot of money.  EFS also is picking up roof structure reinforcement work.  As companies go green, e.g., install solar panels, the companies need a roof contractor to provide the engineering and construction work to strengthen the roofs.

7.   <u>Goals in the Chapter 11 Case</u>.  To reorganize, the Debtor will require general bankruptcy counsel.  The services to be provided include the following:

a.    To advise Applicant with respect to its powers and duties as a Debtor-in-Possession and the management of the  property of the estate in this Chapter 11 case and to assist Applicant in performing the duties required of it as a Debtor-in-Possession;

b.    To negotiate, formulate, draft, and confirm a Plan of Reorganization and to attend hearings before this Court in connection with any proposed disclosure statements and plans of reorganization, and, then and there, to conduct, if necessary, examinations of interested parties and to advise Applicant in connection with any proposed plan of reorganization or any proposal made in connection with a plan of reorganization;

c.    To examine all claims filed in these proceedings in order to determine their nature, extent, validity and priority;

d.    To advise and assist Applicant in connection with the collection of assets, the sale of assets, or the refinancing of same in order to implement any plan of reorganization which  might be confirmed in these proceedings;

e.    To take such actions as may be necessary to protect the properties of

this estate from seizure or other proceedings, pending confirmation and consummation of the Plan of Reorganization in this case;

f.    To advise Applicant with respect to the rejection or affirmation of executory contracts;

g.    To advise and assist Applicant in fulfilling its obligations as fiduciaries of the chapter 11 estate;

h.    To prepare all necessary pleadings pertaining to matters of bankruptcy law before the Court;

i.    To advise Applicant on a limited basis with respect to tax obligations, and their payment;

j.    To prepare such applications and reports as are necessary and for which the services of an attorney are required including responding to the compliance requirements of the U.S. Trustee;

k.    To render other legal services for Applicant for which the services of a bankruptcy attorney may be necessary during the pendency of this case including any necessary litigation.

l.    All legal services required to assist the Debtor in fulfilling its duties under 11 U.S.C. § 1106 and 1107, including all contested matters but excluding corporate, tax and securities related services.

**The Reason for the Selection of the Particular Professional to Be Employed, Including Facts to Substantiate That the Proposed Professional Has Attained a Sufficient Experience Level to Render the Proposed Services. The Professional's Personnel and Firm Resume.**

8.    The Debtor selected the firm to provide general bankruptcy counsel services for it in this case.

a.    The firm is experienced in chapter 11 and can provide the legal services required in a competent and efficient manner.

b.    The firm is familiar with bankruptcy practice and with the provisions of Chapter 11 of the United States Bankruptcy Code

- 4 -

28

1               and the Bankruptcy Rules of Procedure pertaining thereto;

2      c.      The firm has extensive experience representing Chapter 11

3               debtors-in-possession. The firm has represented many business

4               and non-business Debtor in Chapter 11, represents creditors in

5               chapter 11, engages in litigation in all chapters.

6      d.      The firm, in anticipation of the approval of employment, is now

7               working closely with Applicant to plan their reorganization.

8  9.    The Debtor believes employment of the firm as its counsel is in the estate's best

9      interest. Attached hereto, marked **Exhibit "A,"** is Steven R. Fox's resume. The

10    rates may change from time to time, and Applicant will be charged in

11    accordance with the rates in effect at the time the work is performed, as

12    reflected by the rates on file with the Office of the United States Trustee.

13    **A Declaration under Penalty of Perjury Setting Forth, to the Best of the
14    Professional's Knowledge, All of the Professional's Connections with
the Debtor, Creditors, or Any Other Party in Interest, Their Respective
15    Attorneys and Accountants, the United States Trustee and Any Person
Employed by the Office of the United States Trustee, and Whether the
16    Professional Holds Any Interest Adverse to the Estate of the Debtor.
The Declaration must Contain Facts, Not Merely Legal Conclusions.**

17  10.   To the best of the Debtor's knowledge, including consideration of the

18     Declaration of Steven R. Fox attached hereto, the Debtor believes and alleges

19     that Fox is a disinterested person as that term is defined in 11 U.S.C. §

20     101(14), and holds no interest adverse to the Debtor, creditors, or the estate.

21     A disinterested person is a person or entity who is not a creditor of the Debtor,

22     an equity security holder of the Debtor, or an insider of the Debtor, or a

23     person or entity who is not and was not, within 2 years before the date of the

24     filing of the petition, a director, officer, or employee of the Debtor, and is a

25     person or entity who does not have an interest materially adverse to the

26     interest of the bankruptcy estate or of any class of creditors or equity security

27     holders, by reason of any direct or indirect relationship to, connection with, or

28     interest in, the Debtor, or for any other reason.

11.  To the best of Applicant's knowledge, the law firm, and its members, have no connection with the creditors or any other party-in-interest or their respective attorneys and accountants or the United States Trustee for the Central District of California (or any relative of a designee for, or assistant to, the United States Trustee) or any Judge of this Court.

**Terms and Conditions of the Employment Agreement, Including the Hourly Rates Charged by Each Professional (Including Partners, Associates, and Paraprofessional Persons Employed by the Professional) Expected to Render Services to or for the Benefit of the Estate.**

12.  The firm agrees to apply for compensation, after notice and a hearing, as required by the Bankruptcy Code. The Law Offices of Steven R. Fox will accept as compensation such sums as the Court deems reasonable, based primarily upon the firm's customary fees charged to clients and the standards for approval of applications for compensation in the Ninth Judicial Circuit. The firm reserves the right to request a fee enhancement based upon the results of its services under appropriate Ninth Circuit Standards.

13.  The firm's hourly rate is presently $375 per hour.  Rates may thereafter be adjusted on thirty (30) days notice filed with the Court and served to the Debtor. Applicant has agreed to retain said firm based on time at the rate of $375.00 per hour Principal, $375.00 per hour Associate time, and $125.00 per hour Law Clerk/Paralegal time and standard billable charges for expenses. Attached hereto, marked **Exhibit "B,"** is a copy of the "Fee and Expense Schedule" for the Law Offices of Steven R. Fox. These fees are based on each staff member's respective years of experience, specialization in training and practice and level of professional achievement.

**If a Professional Is an Attorney, the Application must State the Amount and Source of Any Fees, Retainers, or Other Compensation (Including Any Contingency Fee Agreements) Paid or Agreed to Be Paid, Including Any Fees, Retainers or Other Compensation Paid or agreed to Be Paid Within One Year of the Filing of the Petition, for Services Rendered or to Be Rendered in Contemplation of or in Connection with the Case, Whether the Fees, Retainers or Other Compensation Has Already Been Paid, Whether the**

- 6 -

Retainer Is an Advance Against Fees for Services to Be Rendered or Earned Upon Receipt, Whether All or Any Portion of the Retainer Is Refundable, the Services, If Any, the Client Is Entitled to Receive in Exchange for the Retainer, the Facts Justifying the Amount for the Retainer, the Facts Justifying the Amount of the Retainer, and a Declaration under Penalty of Perjury Demonstrating the Need for a Retainer, Including Any Unusual Circumstances That Would Justify a Post Petition Retainer.

14.  Prepetition, the Debtor paid $48,961.00 to the Law Offices of Steven R. Fox from Applicant's monies on hand as a retainer.   Prepetition, counsel incurred fees amounting to $10,962.00.  This left $37,999.00 on hand in the client trust account when the chapter 11 case began. The Debtor and Steven R. Fox agree that $10,962.00 of the retainer was earned by counsel for services preformed prepetition.

15.  The balance of the retainer is an advance against fees retainer.   It is refundable pursuant to the retainer agreement to the extent that counsel does not perform services which are to be paid for from the retainer.  A true and correct copy of the Retainer Agreement is attached here marked **Exhibit "C."**

16.  Applicant and the Law Offices of Steven R. Fox have discussed the Guidelines issued by the Office of the United States Trustee.  The Law Offices of Steven R. Fox will follow the Guidelines issued by the Office of the United States Trustee concerning payment of fees and fee statements.

If the Application Is Made More than Thirty Days after the Date Post-Petition Services Commenced, it must Include a Declaration under Penalty of Perjury Explaining the Delay and Stating the Amount of Fees and Expenses That Have Accrued During the Period Between the Date Post petition Services Were Commenced and the Date of the Application.

17.  Not applicable.

If the Application Is Made More than Sixty Days after the Date Post Petition Services Commenced, the Notice of Application Required by Bankruptcy Local Rule 2014 1(b) must Include a Statement That Retroactive Employment Is Being Requested and the Date That Services Commenced. Normally Only Extraordinary Facts Will Justify Retroactive Employment.

18.  Not Applicable.

1   If More than One of a Particular Type of Professional Is Being Retained, Each
Application must Set Forth the Need for Dual Professionals, the Services to
2   Be Performed by Each, a Statement That There Will Be No Duplication of
Services and an Explanation of How Duplication Will Be Avoided.
3

4   19.    Not applicable.

5                           CONCLUSION

6       **WHEREFORE**, the Debtor respectfully requests authorization, pursuant to

7   Ii U.S.C. § 327(a), and in accordance with Rule 2014(a) of the Federal Rules of

8   Bankruptcy Procedure and Local Bankruptcy Rule 2014-1 (2), to employ the Law

9   Offices of Steven R .Fox as general bankruptcy counsel with compensation to be at

10  the expense of the estate in such amount as the Court may hereafter allow, after

11  notice and hearing.  The Debtor requests that the firm be authorized to draw down

12  on the retainer during the case in accordance with the Guidelines of the U.S. Trustee.

13  Dated: May 26, 2009                          Respectfully submitted,

14

15                                              By _____

16                                              John  Durst,   President,
                                                Engineered  Framing  Systems,
17                                              Inc., Debtor-in-Possession

18

19

20

21

22

23

24

25

26

27

28

# DECLARATION OF STEVEN R. FOX

I, Steven R. Fox, declare as follows:

1.    1.    I am an attorney at law, duly admitted to practice before all courts of the State of California and before the United States District Court and the United States Bankruptcy Court for the Central District of California, and maintain offices for the practice of law at 17835 Ventura Blvd., Suite 306, Encino, CA 91316.  I make this Declaration in support of the application to employ the Law Offices of Steven R. Fox as counsel for the Debtor-in-Possession in this chapter 11 bankruptcy case.

2.    The employees of the Law Offices of Steven R. Fox and I are disinterested persons within the meaning of Sections 101(14) and 327 of the United States Bankruptcy Code and Bankruptcy Rule 5002.

3.    Neither the employees of the Law Offices of Steven R. Fox, nor I are, nor ever have been, a creditor, stockholder, director, officer, or employee of the Debtor nor the underwriter of any securities of the Debtor, nor attorney for such; nor do any employee of the Law Offices of Steven R. Fox or I hold any interest materially adverse to the interests of any class of creditors or stockholders herein, by reason of any other direct or indirect relationship, any connection with, or interest in, the Debtor, or for any other reason.   None of the employees of the Law Offices of Steven R. Fox nor I have been or are now related to any Judge of this Court; neither are any of the aforementioned related to the United States Trustee (or any relative of a designee of, or assistant to, the United States Trustee) for the Central District of California.

4.    Neither the employees of the Law Offices of Steven R. Fox nor I have had any connection with the Debtor prior to the planning for the filing of the petition herein, the creditors or any other party-in-interest herein, or their respective attorneys or accountants; nor do we represent any interest adverse to the Debtor-in-Possession or the estate in matters upon which the Law Offices of

33

Steven R. Fox seeks to be employed.  Neither the employees of the Law Offices of Steven R. Fox or I hold or assert any prepetition or post-petition claims against the estate, nor against any of the creditors, equity security holders or insiders of the Debtor.  I have never represented, do not currently represent, nor do I presently intend to represent, any related debtor in a bankruptcy case in this or any other court.

5.    Neither the employees of the Law Offices of Steven R. Fox nor I, within three (3) years before the date of the filing of the petition herein, were an investment banker for the securities of the Debtor, or an attorney for such an investment banker in connection with the offer, sale, or issuance of any security of the Debtor.

6.    Neither the employees of the Law Offices of Steven R. Fox nor I have been, within two (2) years before the date of the filing of the petition herein, a director, officer, or employee of the Debtor or any investment banker for any security of the Debtor.

7.    I am familiar with the U.S. Bankruptcy Code, the Bankruptcy Rules of Procedure, and the Local Bankruptcy Rules and will comply with them.  I am aware of the provisions of 11 U.S.C. §101(14) and agree that notwithstanding the terms and conditions of employment set forth here, the Court may allow compensation different from that provided for here if such terms and conditions prove improvident in light of developments unanticipated at the time of the filing of this Application.  Attached to the Application as **Exhibit "B"** is a copy of the current "Fee and Expense Schedule" which I provided to Applicant.  It is a true and correct copy of what it purports to be.  The fees are based on each staff member's respective years of experience, specialization, training and practice and level of professional achievement.

8.    I intend to follow the Guidelines issued by the Office of the United States Trustee regarding fees, payment of fees and fee statements.

34

9.   Prepetition, I received $48,961. from the Debtor and deposited the monies into my client trust account. I was also separately paid the chapter 11 filing fee. I withdrew $10,962 (fees prepetition) from the trust account for monies earned prepetition. As of the filing date, $37,999 remained on hand in the client trust account. I will not withdraw therefrom any more funds except in compliance with the U.S. Trustee Guideline and/or by order of the Court. The retainer is an advance against fees for services to be rendered.

10.  Attached to the Application as **Exhibit "A"** is a copy of my resume. I prepared it and recognize it for what it appears to be. Attached to the Application as **Exhibit "C"** is a true and correct copy of the Retainer Agreement between the Debtor and this office. It bears my signature.

The foregoing facts are within my personal knowledge and if called upon, I am competent to testify thereto.

Executed on May 26, 2009, at Encino, California.

I declare under the penalty of perjury that the foregoing is true and correct.

_____
Steven R. Fox

35

# EXHIBIT "A"

## FEES AND EXPENSES SCHEDULE

I.    Hourly Rates of Compensation:

| NAME | POSITION | STANDARD HOURLY |
|------|----------|-----------------|
| Steven R. Fox | Attorney | $375.00 |
| Associates | Attorney | $375.00 |
| Law Clerk/Paralegal | | $125.00 |

II.   Rate of Reimbursement For Expenses:

| Expense Item | Rate of Reimbursement |
|--------------|-----------------------|
| 1.   Photocopy charges: | .15 cents per page |
| 2.   Telephone charges | actual |
| 3.   Facsimile charges (in or out): | .25 cents per page |
| 4    Postage charges: | actual |
| 5.   Messenger Service charges: | actual |
| 6.   Computer Research charges: | actual |

36

# EXHIBIT "B"

STEVEN ROBERT FOX
ATTORNEY AT LAW

## STEVEN ROBERT FOX

Born Kansas City, MO, January 3, 1958
Admitted to bar: California 1988
U. S. District Court (C.D. Calif.) 1989
U. S. District Court (E.D. Calif.) 1993

## EDUCATION

Loyola School of Law:  J.D. 1988
University of California, Los Angeles:  B.A., History, 1980; Secondary Teaching Credential 1981

## LEGAL POSITIONS

-Law Office of Steven R. Fox, 1994 to present (bankruptcy practice)
-Partner, Laing & Fox, 1991-1994 (bankruptcy practice)
-Associate, Law Office of Charles T. Morrison, Jr., Inc., 1989-1991 (bankruptcy practice)
-Law Clerk to the Honorable Richard Stair Jr., U.S. Bankruptcy Judge, Eastern District of Tennessee, 1988/89

## AUTHORSHIP

"The Uncooperative Spouse Files Bankruptcy," *Lawyers World*, 1997.
"How the Bankruptcy Reform Act of 1994 Will Affect Your State Court Practice" (Part One) *General and Solo Practitioner*, Spring Issue 1995; "How the Bankruptcy Reform Act of 1994 Will Affect Your State Court Practice" (Part Two) *General and Solo Practitioner*, 1995.
"Does Bankruptcy's Automatic Stay Really Stop Your Litigation?" *General and Solo Practitioner*, Winter Issue 1995.
"Use Your Opponent's Bankruptcy" *Advocate*, February 1993.
"Protect Your Fees in Bankruptcy" *Advocate*, Oct. 1991.
"Protect Your Commission From a Bankruptcy" *American Industrial Real Estate Association*, Fall, 1991.
"Obtaining Relief From the Automatic Stay" *Advocate*, Sept. 1991.

## MEMBERSHIPS

State Bar of California
San Fernando Valley Bar Association: Trustee 1997-2001
    Section Chair: Business, Real Property and Bankruptcy Section
Los Angeles Bankruptcy Forum
American Bankruptcy Institute
National Association of Consumer Bankruptcy Attorneys
Central District Consumer Bankruptcy Attorneys Association - founding member

| In re: Engineered Systems, Inc. | CHAPTER: 11 |
|---|---|
| Debtor(s) | CASE NUMBER: 09-16236 KT |

NOTE: When using this form to indicate service of a proposed order, DO NOT list any person or entity in Category I.
Proposed orders do not generate an NEF because only orders that have been entered are placed on a CM/ECF docket.

## PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is: 17835 Ventura Boulevard, Suite 306 Encino, California 91316

A true and correct copy of the foregoing document described as **APPLICATION FOR AUTHORITY TO EMPLOY COUNSEL FOR DEBTOR-IN-POSSESSION** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d), and **(b)** in the manner indicated below:

**I. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")** - Pursuant to controlling General Order(s) and Local Bankruptcy Rule(s) ("LBR"), the foregoing document will be served by the court via NEF and hyperlink to the document. On _____ I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following person(s) are on the Electronic Mail Notice List to receive NEF transmission at the email addressed indicated below:

_Service information continued on attached page

**II. SERVED BY U.S. MAIL OR OVERNIGHT MAIL** (indicate method for each person or entity served): On **5/27/09** I served the following person(s) and/or entity(ies) at the last known address(es) in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States Mail, first class, postage prepaid, and/or with an overnight mail service addressed as follow. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed. **BY OVERNIGHT MAIL**

**X Service information continued on attached page**

**III. SERVED BY PERSONAL DELIVERY, FACSIMILE TRANSMISSION OR EMAIL** (indicate method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on _____ I served the following person(s) and/or entity(ies) by personal delivery, or (for those who consented in writing to such service method) by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

___ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

| 5/27/09 | Nancy C. Hogan | _Nancy C. Hogan_ |
|---|---|---|
| Date | Type Name | Signature |

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California

January 2009

F 9013-3.1





## 20 LARGEST UNSECURED CREDITORS

A-Line Inc. Crane Services
18032 C Lemon Drive
Suite 212
Yorba Linda, CA 92886

Arrow Steel
10945 Memory Park Ave
Mission Hills, CA 91345

AT&T Mobility
P O Box 6463
Carol Stream, IL
60197-6463

Carpenters Trusts for
Southern CA
533 S Fremont Avenue
Los Angeles, CA
90071-1706

Ford Graphics
681 S. Raymond Avenue
Pasadena, CA 91105

Load Center Inc.
1510 White Avenue
La Verne, CA 91750

NBS
22615 La Vina
Mission Viejo, CA 92691

Orco Construction
Supply-Sun Valley
477 North Canyons Prkwy
Suite A
Livermore, CA 94550

Precision Component Systems
6930 E First St.
Scottsdale, AZ 85251

Quincy Joist Company
520 S Virginia St.
Quincy, FL 32351

Reliable Wholesale Lumber
P O Box 191
Huntington Beach, CA 92648

Roberson Drafting
850 Alsace Loraine
Half Moon Bay, CA 94019

Sky Lift Rentals
P O Box 41527
Los Angeles, CA 90041

Tobin Steel Co, Inc.
P O Box 717
Santa Ana, CA 92702

Tomarco
14848 Northam Street
La Mirada, CA 90638

Weyrick Companies
P O Box 688
Templeton, CA 93465

White Cap
P O Box 1770
Costa Mesa, CA 92628-9901

GC Fence & Welding
16127 Francisquito Ave
La Puente, CA 91744

Glu Lam Industries
3909 S 8000 West
Magna, UT 84044

McIntyre Co.
872 Towne Center Drive
Pomona, CA 91767-5902

## OTHER:

Employment Development
Department
Group MIC 92E
P.O. Box 826880
Sacramento, CA 94280-0001

Internal Revenue Service
ACS Support-Stop 813G
PO Box 145566
Cincinnati, OH 45250-5566

Internal Revenue Service
Box 21126
Philadelphia, PA 19114

IRS - LA & SFV
Ch 7,11,13 Noticing
Insolvency Stop 5022
300 N Los Angeles St,
Room 4062
Los Angeles, CA 90012-9903

Office of the U. S. Trustee
21051 Warner Center Lane
Suite 115
Woodland Hills, CA 91367

# EXHIBIT "D"

40

**File a Motion:**

1:09-bk-16236-KT Engineered Framing Systems, Inc.
Type: bk                     Chapter: 11 v                     Office: 1 (San Fernando Valley)
Assets: y                    Judge: KT                         Case Flag: PlnDue, DsclsDue

### U.S. Bankruptcy Court

### Central District Of California

Notice of Electronic Filing

The following transaction was received from Steven R Fox entered on 5/27/2009 at 1:25 PM PDT and
filed on 5/27/2009
**Case Name:**        Engineered Framing Systems, Inc.
**Case Number:**      1:09-bk-16236-KT
**Document Number:** 11

**Docket Text:**
Application to Employ Patrick Rettig Corporation as Chief Financial Officer for Debtor-in-Possession
Filed by Debtor Engineered Framing Systems, Inc. (Fox, Steven)

The following document(s) are associated with this transaction:

**Document description:**Main Document
**Original filename:**F:\Scan\Nancy\app to employ Rettig FILED.PDF
**Electronic document Stamp:**
[STAMP bkecfStamp_ID=1106918562 [Date=5/27/2009] [FileNumber=25813008-
0] [4e06ece6a3677b3a115a1156533371b5bb186791acfc9129feba9cf1edfeaba45b
c9d02d6a734d14d437e1004b475ded538beca8131e976beaeb9df88730cee6]]

**1:09-bk-16236-KT Notice will be electronically mailed to:**

Jennifer L Braun on behalf of U.S. Trustee United States Trustee (SV)
jennifer.l.braun@usdoj.gov

Steven R Fox on behalf of Debtor Engineered Framing Systems, Inc.
emails@foxlaw.com

United States Trustee (SV)
ustpregion16.wh.ecf@usdoj.gov

**1:09-bk-16236-KT Notice will not be electronically mailed to:**

4H

ORIGINAL
*# 11  ncH  5/27*

1   LAW OFFICES OF STEVEN R. FOX
    Steven R. Fox, SBN 138808
2   17835 Ventura Blvd., Suite 306
    Encino, CA 91316
3   (818)774-3545; FAX (818)774-3707

4   Attorneys for Debtor-in-Possession

5

6

7

8              UNITED STATES BANKRUPTCY COURT

9              CENTRAL DISTRICT OF CALIFORNIA

10             WOODLAND HILLS DIVISION

11  In re                        ) CASE NO: SV 09-16236 KT
                                 ) CHAPTER 11
12  Engineered Framing Systems, Inc., )
                                 ) APPLICATION FOR AUTHORITY FOR
13                               ) DEBTOR TO EMPLOY PATRICK RETTIG
                                 ) CORPORATION AS CHIEF FINANCIAL
14                               ) OFFICER FOR DEBTOR-IN-
         Debtor.                 ) POSSESSION; DECLARATION
15                               )
                                 ) Date  : No Hearing Required
16                               ) Time  :
                                 ) Place :
17                               )
                                 ) Petition filed May 26, 2009
18                               ) Notice  of  Application  to  Employ
                                 ) Professional filed and served concurrently
19

20       The Application by Engineered Framing Systems, Inc.,Debtor-in-Possession

21  ("Applicant" or "Debtor"), respectfully represents:

22  1.      Engineered Framing Systems, Inc., a California corporation ("Debtor" or

23          "Applicant" or "EFS") hereby applies to the Court under 11 U.S.C. §§ 363,

24          1108, 105 and 327(a) for authority to employ the Patrick Rettig Corporation

25          as its C.F.O.

26          **The Name and Occupation of the Professional or Firm to Be Employed.**

27  2.      The Pat Rettig Corporation as Chief Financial Officer.

28

                                 - 1 -

                                                              42

**Facts Demonstrating the Necessity for the Employment and Specific Services to Be Rendered.**

3.    This case was commenced on May 26, 2009, by filing a voluntary petition for relief under Chapter 11 of the U. S. Bankruptcy Code, and since said date, the Debtor has been, and continues to be, a Debtor-in-Possession.

4.    <u>Background</u>.  EFS does commercial and industrial panelized roof structures ("PRS") and rough carpentry.  PRS is the superstructure of the roof system of the building.  Along with PRS work, EFS has does what is called rough carpentry or wooden framing for walls or wooden stairways (both public stairways and in stairwells).  EFS also does seismic retrofit work on commercial and industrial buildings.  EFS constructs the superstructure of the roof to tie buildings together.  There are relatively few companies providing PRS construction given the difficult engineering issues involved.  One advantage EFS holds is that one of its shareholders is a licensed engineer.  This allows EFS to hold its engineering costs down.

5.    Prepetition, EFS was hit by two embezzlements.  The more serious one resulted in EFS not paying payroll taxes for several quarters.  This amounted to hundreds of thousands of dollars.  The payroll service was stealing the payroll tax monies.  The loss of the money and the efforts to make up for the stolen money cost EFS dearly.  The Debtor has paid down or paid off the EDD and has paid a lot of money to the IRS.  The embezzlements have made it difficult for EFS to remain current in payments to the Carpenters Trust Fund.  The slowing economy, the change in the nature of jobs, EFS' decision to retain a cohesive body of workers, a decision to take jobs in order to keep the workers working (even though the jobs cost EFS dearly) all have hit EFS hard.

6.    <u>Rebuilding EFS</u>.  EFS is bidding on rough carpentry work.  EFS has begun working on church and fire station roofs.  EFS is also focusing its bids on the engineering value EFS offers to contractors and developers.  This saves them

43

a lot of money. EFS also is picking up roof structure reinforcement work. As companies go green, e.g., install solar panels, they need a roof contractor to provide the engineering and construction work to strengthen the roofs.

7.    <u>Goals in the Chapter 11 Case</u>.  To reorganize, the Debtor will require a C.F.O. To reorganize, the Debtor requires this C.F.O. to help guide the company through chapter 11 and to reorganize the company so that it will run profitably at a fraction of its prior year gross revenues.

**The Reason for the Selection of the Particular Professional to Be Employed, Including Facts to Substantiate That the Proposed Professional Has Attained a Sufficient Experience Level to Render the Proposed Services. The Professional's Personnel and Firm Resume.**

8.    Shortly before the chapter 11 case commenced, the Debtor retained the Patrick Rettig Corporation to advise and assist the Debtor with its business operation. The Debtor submits that it requires the services of a qualified chief financial officer such as Rettig to assist in taking steps that may be necessary in the chapter 11 case including liquidating assets, restructuring debts and downsizing the business.

9.    Based on Rettig's experience and expertise in providing restructuring and advice and assistance to companies undergoing a chapter 11 reorganization, the Debtor believes that Rettig is well qualified to serve as the Debtor's C.F.O. In particular, Rettig's principal has, over the past 15 years, provided restructuring services to companies experiencing operational and financial difficulties across a broad spectrum of industries, including apparel, energy, healthcare, manufacturing and industrial, entertainment, retail, and telecommunications industries, both in and outside of chapter 11 reorganization.

10.    EFS desires to retain Rettig as its C.F.O. and to compensate Rettig for its services. Debtor believes that it requires the services of an experienced C.F.O. who is qualified and experienced in working with companies encountering

- 3 -

1   financial difficulties.  Debtor has selected Rettig to act as the C.F.O. because

2   Rettig has an extensive background working with companies that seek to grow

3   as well as those companies which are in financial distress.

4   11.   Rettig's services in the chapter 11 case will include overseeing the business

5   and its cash flow, working on directions the company should take during the

6   chapter 11 case, working with customers as needed, assisting the company

7   through the chapter 11, and working with the principals to downsize the

8   company to lower gross revenues but with a sizeable profit margin.  Rettig is

9   working with management to teach it how to run the company as a debtor in

10  chapter 11. Rettig will work closely with bankruptcy counsel to handle those

11  duties that debtors normally have in chapter 11 cases. Rettig will also provide

12  as part of its charges an as needed controller/analyst.  In this capacity, Rettig

13  is working with the Debtor on cash flow projections.

14  12.   The Debtor believes employment of Rettig is in the estate's best interest.

15  A Declaration under Penalty of Perjury Setting Forth, to the Best of the
    Professional's Knowledge, All of the Professional's Connections with

16  the Debtor, Creditors, or Any Other Party in Interest, Their Respective
    Attorneys and Accountants, the United States Trustee and Any Person

17  Employed by the Office of the United States Trustee, and Whether the
    Professional Holds Any Interest Adverse to the Estate of the Debtor.

18  The Declaration must Contain Facts, Not Merely Legal Conclusions.

19  13.   To the best of the Debtor's knowledge, including consideration of the

20  Declaration of Patrick Rettig, attached hereto, the Debtor believes and alleges

21  that Rettig and its principal are disinterested persons as that term is defined in

22  11 U.S.C. § 101(14), and hold no interest adverse to the Debtor, creditors, or

23  the estate.  A disinterested person is a person or entity who is not a creditor of

24  the Debtor, an equity security holder of the Debtor, or an insider of the Debtor,

25  or a person or entity who is not and was not, within 2 years before the date of

26  the filing of the petition, a director, officer, or employee of the Debtor, and is

27  a person or entity who does not have an interest materially adverse to the

28  interest of the bankruptcy estate or of any class of creditors or equity security

45

holders, by reason of any direct or indirect relationship to, connection with, or interest in, the Debtor, or for any other reason.

14.    To the best of Applicant's knowledge, Rettig and its principal have no connection with the creditors or any other party-in-interest or their respective attorneys and accountants or the United States Trustee for the Central District of California (or any relative of a designee for, or assistant to, the United States Trustee) or any Judge of this Court.

**Terms and Conditions of the Employment Agreement, Including the Hourly Rates Charged by Each Professional (Including Partners, Associates, and Paraprofessional Persons Employed by the Professional) Expected to Render Services to or for the Benefit of the Estate.**

15.    Compensation. Debtor has agreed to compensate Rettig at the rate of $10,000.00 monthly and paid in equal portions on the 1 st and 1 5th of each month. Rettig was retained and first compensated on May 1, 2009. Rettig was paid $7,000.00 on the 1st of May and $3,000.00 on the 15th of May. Rettig has not been paid a retainer nor has Reftig been provided any compensation other than that disclosed here. The Debtor is not compensating Rettig for expenses. The Debtor believes that Reftig's retention and compensation are necessary and important in this case given Rettig's services this far to the Debtor. To the best of the Debtor's knowledge, the compensation arrangement described here is consistent with arrangements entered into by restructuring firms rendering similar services for clients such as the Debtor.

16.    No request for any bonus, retention or severance package is made here. Debtor requests that it be authorized to compensate Reftig bi-monthly as per its agreement with Rettig without the need for any application for compensation later in the case.   There is no written agreement memorializing the agreement between Rettig and EFS.

**If a Professional Is an Attorney, the Application must State the Amount and**

1  Source of Any Fees, Retainers, or Other Compensation (Including Any
   Contingency Fee Agreements) Paid or Agreed to Be Paid, Including Any Fees,
2  Retainers or Other Compensation Paid or agreed to Be Paid Within One
   Year of the Filing of the Petition, for Services Rendered or to Be Rendered in
3  Contemplation of or in Connection with the Case, Whether the Fees,
   Retainers or Other Compensation Has Already Been Paid, Whether the
4  Retainer Is an Advance Against Fees for Services to Be Rendered or Earned
   Upon Receipt, Whether All or Any Portion of the Retainer Is Refundable, the
5  Services, If Any, the Client Is Entitled to Receive in Exchange for the Retainer,
   the Facts Justifying the Amount for the Retainer, the Facts Justifying the
6  Amount of the Retainer, and a Declaration under Penalty of Perjury
   Demonstrating the Need for a Retainer, Including Any Unusual
7  Circumstances That Would Justify a Post Petition Retainer.

8  17.   Not applicable.

9  If the Application Is Made More than Thirty Days after the Date Post-Petition
   Services Commenced, it must Include a Declaration under Penalty of Perjury
10 Explaining the Delay and Stating the Amount of Fees and Expenses That
   Have Accrued During the Period Between the Date Post petition Services
11 Were Commenced and the Date of the Application.

12 18.   Not applicable.

13 If the Application Is Made More than Sixty Days after the Date Post Petition
   Services Commenced, the Notice of Application Required by Bankruptcy
14 Local Rule 2014 1(b) must Include a Statement That Retroactive Employment
   Is Being Requested and the Date That Services Commenced. Normally Only
15 Extraordinary Facts Will Justify Retroactive Employment.

16 19.   Not Applicable.

17 If More than One of a Particular Type of Professional Is Being Retained, Each
   Application must Set Forth the Need for Dual Professionals, the Services to
18 Be Performed by Each, a Statement That There Will Be No Duplication of
   Services and an Explanation of How Duplication Will Be Avoided.
19

20 20.   Not applicable.

21                            CONCLUSION

22 21.   Debtor believes that its ability to navigate through chapter 11 strongly

23       hinges on Rettig and its ability to help the company restructure itself.

24       Should the Court not authorize Debtor to employ and to compensate Rettig,

25       Debtor believes that its ability to reorganize will be negatively impacted. No

26       previous application has been made to employ Rettig in this case.

27 21. This Application is brought under 11 U.S.C. §105, 327, 363 and 1108.

28

                                - 6 -

                                                              47

1    WHEREFORE, Debtor prays that the Court authorize the Debtor to employ

2  Rettig on the terms set forth in this Application including paying to Rettig the

3  compensation detailed above without the need for Rettig to make a further

4  application for compensation later in the case.

5  Dated: May 26, 2009                          Respectfully submitted,

6

7                                               By

8                                               John Durst, President, Framing
                                                Engineered Systems, Inc., Debtor-in-
9                                               Possession

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

48

# DECLARATION OF PATRICK RETTIG

I, Patrick Rettig, declare as follows:

1.    I am an individual. I am the principal in the Patrick Rettig Corporation ("Rettig") My mailing address is P.O. Box 292790, Phelan, CA 92329. My statements here are based on my personal knowledge. If called as a witness, I could and would testify competently concerning the contents in this declaration. This declaration is offered in support of the "Application for Authority to Employ Patrick Rettig Corporation as Chief Financial Officer for Debtor-in-Possession".

**Rettig's Qualifications**

2.    I have worked for at least 15 years for various companies in different capacities, usually as the C.F.O. My educational background and my employment background have given me the opportunity to work with financially troubled companies and with companies that wish to grow but are unable to do so in a rational and profitable manner. With companies that are financially troubled, I am typically hired after many mistakes have been made and the creditors are unpaid and unhappy. The mistakes made usually start with management which loses its focus, reaches for golden rings which do not exist or have personal problems that overwhelm the ability to lead. After a period of time, the mistakes go beyond management to infect the entire company, its operations and its relations with its creditors and even its customers.

3.    In the past 15 or so years, I have worked as C.F.O. at many companies include EMA Multimedia Inc., D & D Welding, Inc., Celebrity Photo Inc., ARP Mechanical Inc and Omega Technologies. These are companies that have confirmed chapter 11 plans. I have also worked for companies that sought protection under Chapter 11 and did not succeed. In some instances, their failures in chapter 11 were not legal failures but were

- 8 -

1   leadership failures that management was not willing to look at, accept and

2   to deal with. I also work for companies that do not intend to file bankruptcy

3   petitions but want help growing. I was employed as the C.R.O. in In re Big A

4   Drug Stores, Inc., a chapter 11 debtor in the Central District of California, to

5   oversee the liquidation of 19 retail pharmacy stores in California. I have

6   worked with a number of corporations providing the types of services that I

7   intend to provide here but those companies have required that I sign

8   non-disclosure agreements under which I do not state that I worked for

9   them or what services I provided.   I am currently retained as a C.F.O. for

10  various companies.

11  4.   I hold a bachelor's degree in business and communications from Loyola

12  Marymount University, Los Angeles and have taken extension courses at

13  UCLA in tax and bankruptcy. I organized and ran the 6 - 30 Club, an

14  organization which limited its membership to principals of chapter 11

15  companies who met regularly to work on issues common to chapter 11

16  debtors such as management and leadership.

17  5.   Nether Rettig nor I are or have been a creditor, stockholder, director, officer,

18  or employees of the Debtor. We have not been underwriters of any

19  securities of the Debtor. We do not have any direct or indirect relationship

20  with the Debtor except for that disclosed in this Declaration. I am familiar

21  with the names of the creditors of the Debtor. I do not believe that either

22  Rettig or I hold any interest that would be materially adverse to the interests

23  of any creditors or stockholders herein. We are not now or previously

24  related to any Judge of this Court nor to the U.S. Trustee (or any relative of

25  a designee of, or assistant to, the United States Trustee) for the Central

26  District of California.

27  6.   Except for being employed as the C.F.O., Rettig has had no connection with

28  the Debtor prior to the filing of the petition herein, the creditors or any other

- 9 -

1    party-in-interest herein, or their respective attorneys or accountants, and

2    represent no interest adverse to the Debtor-in-Possession or the estate in

3    matters upon which it is to be employed. We do not assert any

4    pre-bankruptcy claims against the estate, nor against the creditors, equity

5    security holders or insiders of the Debtor.

6    7.    Rettig and I understand that notwithstanding the terms and conditions of

7    employment set forth herein, the Court may allow compensation different

8    from that provided for herein if such terms and conditions prove

9    improvident in light of developments unanticipated at the time of the filing

10    of this Application.

11    8.    Rettig was not paid any retainer by the Debtor. Rettig is compensated at the

12    rate of $10,000.00 monthly plus reimbursement for any expenses. Payment

13    is due in equal parts ($5,000) on the 1st and 15th days of each month.

14    Prepetition, and in May, 2009, Rettig received $10,000.00 in exchange for

15    service it has provided to the Debtor.

16    9.    There is no agreement or understanding between Rettig and any other

17    person or entity for sharing compensation received or to be received for

18    services rendered by Rettig in connection with these chapter 11 cases,

19    The foregoing facts are within my personal knowledge and if called upon, I

20    am competent to testify thereto.

21    I declare under the laws of the United States of America that the foregoing is

22    true and correct.

23    Executed this May ~~26~~ 27, 2009, at ~~Pinion Hills~~ Phelan, California.

24

25    _____

26    Patrick Rettig

27

28

- 10 -

51

| In re: Engineered Systems, Inc. | CHAPTER: 11 |
|---|---|
| Debtor(s) | CASE NUMBER: 09-16236 KT |

NOTE: When using this form to indicate service of a proposed order, DO NOT list any person or entity in Category I.
Proposed orders do not generate an NEF because only orders that have been entered are placed on a CM/ECF docket.

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is: 17835 Ventura Boulevard, Suite 306 Encino, California 91316

A true and correct copy of the foregoing document described as **APPLICATION FOR AUTHORITY FOR DEBTOR TO EMPLOY PATRICK RETTIG CORPORATION AS CHIEF FINANCIAL OFFICER FOR DEBTOR-IN-POSSESSION** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d), and **(b)** in the manner indicated below:

**I. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")** - Pursuant to controlling General Order(s) and Local Bankruptcy Rule(s) ("LBR"), the foregoing document will be served by the court via NEF and hyperlink to the document. On _____ I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following person(s) are on the Electronic Mail Notice List to receive NEF transmission at the email addressed indicated below:

___Service information continued on attached page

**II. SERVED BY U.S. MAIL OR OVERNIGHT MAIL** (indicate method for each person or entity served): On **5/27/09** I served the following person(s) and/or entity(ies) at the last known address(es) in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States Mail, first class, postage prepaid, and/or with an overnight mail service addressed as follow. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed. **BY OVERNIGHT MAIL**

**X Service information continued on attached page**

**III. SERVED BY PERSONAL DELIVERY, FACSIMILE TRANSMISSION OR EMAIL** (indicate method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on _____ I served the following person(s) and/or entity(ies) by personal delivery, or (for those who consented in writing to such service method) by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

___ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

| 5/27/09 | Nancy C. Hogan | *Nancy C Hogan* |
|---|---|---|
| Date | Type Name | Signature |

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California

January 2009

F 9013-3.1

52

## 20 LARGEST UNSECURED CREDITORS

A-Line Inc. Crane Services
18032 C Lemon Drive
Suite 212
Yorba Linda, CA 92886

Arrow Steel
10945 Memory Park Ave
Mission Hills, CA 91345

AT&T Mobility
P O Box 6463
Carol Stream, IL
60197-6463

Carpenters Trusts for
Southern CA
533 S Fremont Avenue
Los Angeles, CA
90071-1706

Ford Graphics
681 S. Raymond Avenue
Pasadena, CA 91105

Load Center Inc.
1510 White Avenue
La Verne, CA 91750

NBS
22615 La Vina
Mission Viejo, CA 92691

Orco Construction
Supply-Sun Valley
477 North Canyons Prkwy
Suite A
Livermore, CA 94550

Precision Component Systems
6930 E First St.
Scottsdale, AZ 85251

Quincy Joist Company
520 S Virginia St.
Quincy, FL 32351

Reliable Wholesale Lumber
P O Box 191
Huntington Beach, CA 92648

Roberson Drafting
850 Alsace Loraine
Half Moon Bay, CA 94019

Sky Lift Rentals
P O Box 41527
Los Angeles, CA 90041

Tobin Steel Co, Inc.
P O Box 717
Santa Ana, CA 92702

Tomarco
14848 Northam Street
La Mirada, CA 90638

Weyrick Companies
P O Box 688
Templeton, CA 93465

White Cap
P O Box 1770
Costa Mesa, CA 92628-9901

GC Fence & Welding
16127 Francisquito Ave
La Puente, CA 91744

Glu Lam Industries
3909 S 8000 West
Magna, UT 84044

McIntyre Co.
872 Towne Center Drive
Pomona, CA 91767-5902

## OTHER:

Employment Development
Department
Group MIC 92E
P.O. Box 826880
Sacramento, CA 94280-0001

Internal Revenue Service
ACS Support-Stop 813G
PO Box 145566
Cincinnati, OH 45250-5566

Internal Revenue Service
Box 21126
Philadelphia, PA 19114

IRS - LA & SFV
Ch 7,11,13 Noticing
Insolvency Stop 5022
300 N Los Angeles St,
Room 4062
Los Angeles, CA 90012-9903

Office of the U. S. Trustee
21051 Warner Center Lane
Suite 115
Woodland Hills, CA 91367

53